# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHARLES D. PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-07-1229-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | | |

## ORDER

Before the Court is the Plaintiff's Application for Attorney Fees [Doc. No. 21] pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act ("EAJA"). Plaintiff has also submitted a Memorandum in Support of Application for Attorney Fees [Doc. No. 20].[1] As Plaintiff correctly states, the EAJA permits an award of attorney fees and expenses to a prevailing plaintiff in certain actions against the government, including Social Security claims. In this case, Plaintiff prevailed in his action against the Commissioner of the Social Security Administration, as the Court reversed the Commissioner's denial of Plaintiff's application for benefits and remanded the matter for further agency proceedings. *See* Order and Judgment [Doc. No. 19]. As a "prevailing party" within the meaning of the EAJA, Plaintiff is entitled to an award of reasonable attorney fees. *See, e.g., Shalala v. Schaefer*, 509 U.S. 292 (1993).

Plaintiff seeks an award of $7,393.75 in attorney fees and $415.12 in expenses, or a total of $7,808.87. In support of this request, Plaintiff's counsel has submitted documentation reflecting the work performed and the time incurred for each service rendered to Plaintiff in this action. Plaintiff

---

[1]Both the Application [Doc. No. 21] and the Memorandum in support thereof [Doc. No. 20] are docketed in the Court's electronic filing system as motions; however, there is only one motion seeking EAJA fees.

states that the hourly rate charged is $169.00. In addition, Plaintiff's counsel submits an itemized list of expenses totaling $415.00.

Defendant does not object to Plaintiff's status as a prevailing party entitled to recover fees and expenses pursuant to the EAJA, nor does it object to the amount of the attorney fee sought by Plaintiff. Defendant contends, however, that the $350.00 filing fee, included in the $415.00 costs and expenses sought by Plaintiff, should be disallowed. As Defendant notes, the fees and expenses provisions authorized by the EAJA do not include the costs of filing. According to the statute, " a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a)." 28 U. S. C. § 2412(d)(1)(A). Defendant states that filing fees are properly considered as costs rather than as "fees and expenses" under § 2412(d)(1)(A). The statute defines "fees and expenses," and the definition does not include filing fees. 28 U. S. C. § 2412(d)(2)(A).

Plaintiff appears to agree with Defendant that the filing fee should not be included in an award of fees and expenses; although he did not file a reply brief, the proposed order he submitted to the Court requests a $7,458.87 EAJA award instead of the total $7,808.87 requested in the application. The $7,458.87 requested in the proposed order is the total of attorney fees and expenses other than the $350.00 filing fee. Accordingly, the Court concludes that Plaintiff agrees the filing fee should be excluded from the EAJA award.

The Court has reviewed the documentation submitted by Plaintiff and finds that the requested fee of $7,393.75 represents a fair and reasonable fee for the work performed by Plaintiff's attorneys in this case. Accordingly, the attorney fee of $7,393.75 is approved. In addition, expenses of $65.12 are approved. The total approved EAJA fee is $7,458.87.

In accordance with the foregoing, Plaintiff's Application [Doc. No. 20] for fees and expenses pursuant to EAJA is GRANTED, and the approved fees and expenses shall be awarded. Defendant shall pay to Plaintiff the sum of $7,458.87 as the reasonable EAJA fee in this action.

IT IS SO ORDERED this 26th day of January, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE